UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 KENDERICK LAMONT FOSTER,
D-2 ELIZABETH SAMMUT,

        Defendants.
_____/

Case No.: 10-20709

Hon. John Corbett O'Meara
Magistrate Judge Mark A. Randon

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S BOND (DKT. NO. 34)

This matter is before the Court on the United States of America's ("the Government") motion to revoke Defendant Kenderick Lamont Foster's bond (Dkt. No. 34). Defendant responded to the motion (Dkt. No. 37), and this Magistrate Judge conducted a hearing on October 19, 2012. For the reasons indicated below, Defendant's bond is revoked.

### I. BACKGROUND

On November 17, 2010, Defendant was charged in a complaint with illegally possessing firearms. The next day, after a detention hearing, Defendant was released on a $10,000.00 unsecured bond with conditions – one of which required that he "not commit any offense in violation of federal, state, or local law while on release in this case."

Defendant was subsequently indicted by a grand jury and charged with Felon in Possession of a Firearm (involving 14 firearms), 18 U.S.C. § 922(g); Felon in Possession of Ammunition, 18 U.S.C. §§ 2 and 922(g); Felon in Possession of Firearms and Ammunition (involving 2 firearms), 18 U.S.C. § 922(g) and Possession of Marijuana, 21 U.S.C. § 844 (Dkt.

27). He remained free on bond.

The Government now seeks to revoke Defendant's bond following an incident that occurred on August 19, 2012. Defendant has an acrimonious relationship with some of his neighbors. According to the police report, while in his automobile, Defendant got into an argument with a neighbor about the neighbor riding an All Terrain Vehicle ("ATV") in the street. In response, the neighbor threw a brick through the window of Defendant's truck. Rather than leave the scene, Defendant got out of his truck and threw the same brick, breaking the window of his neighbor's truck. The violence escalated. The neighbor's family members started throwing bricks at Defendant's truck. At some point, Defendant and his neighbor both drove their trucks through each other's fences. During the melee, Defendant is also alleged to have hit a female at the scene with a pipe, causing non-serious injuries to her arm and face, for which she was briefly hospitalized.

Defendant denies hitting the female with the pipe, but admits breaking his neighbors car window after being provoked. The testimony of Defendant's witness, who observed the incident, also establishes that Defendant responded by driving his truck through his neighbor's fence.

## II. ANALYSIS

Under the Bail Reform Act of 1984, a court may revoke a person's pretrial release if, after a hearing, the court finds "probable cause to believe that the person has committed a Federal, State, or local crime while on release; or clear and convincing evidence that the person has violated any ... condition of release" and that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)(B), (b)(2).

Whether or not Defendant physically assaulted the female, his conduct in damaging his neighbor's truck and fence constitutes malicious destruction of property. It is no excuse that his neighbor was the first to engage in violence. Defendant should have left scene and then called the police. He did not. The Government established that there is probable cause to believe that Defendant committed malicious destruction of property in violation of Mich. Comp. Laws § 750.380, and Defendant's willingness to engage in acts of violence, given his prior criminal history and the seriousness of the current charges, suggests that no condition or combination of conditions will assure that he will not pose a danger to the community or abide by the conditions of his release, if allowed to remain on bond.

Therefore, **IT IS ORDERED** that Defendant's bond is revoked and he shall be detained pending further order of the Court.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 22, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*